# B. A. Railton Company, Plaintiff in Error, v. Louis B. Huntington et al., Defendants in Error.

## Gen. No. 16,665.

PARTNERSHIP—*when not established.* *Held,* under the evidence, that the partnership alleged in this case was not established.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

HARRIS, DODDS & BROWN, for plaintiff in error.

McCABE, CLOYES & KULL, for defendants in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Plaintiff in error, B. A. Railton Company, a corporation, brought an action in assumpsit in the Municipal Court of Chicago, against defendants in error, Louis B. Huntington and Louis Matsen, as co-partners, doing business as Huntington & Matsen, for goods sold and delivered to them, amounting to the sum of $160.87. Louis Matsen filed a plea of non-joint liability. There was no controversy on the trial as to the amount due the plaintiff. The cause was tried before the court without a jury, and resulted in a finding and judgment in favor of the defendants in error. This writ of error is prosecuted to reverse the judgment.

It appears from the evidence of Louis B. Huntington, one of the defendants in error, who was called as a witness for the plaintiff in error, under section 33 of the Municipal Court act, that Louis Matsen told the witness that he wished to get his brother, Anton J. Matsen, started in some other business than the one in which he was engaged. Anton J. Matsen, it appears,

was a moulder by trade and his brother, Louis Matsen, defendant in error, wished to help him to get established in a business which did not involve the heavy and hard work that his brother was compelled to do; and it was agreed that if Huntington would take the brother into partnership with him Louis Matsen would advance money to enable him to get started with plaintiff in the bakery business.   It was accordingly arranged that Huntington was to proceed and manage the business, and the defendant in error, Matsen, was to advance money to the firm for his brother.   The business was accordingly started, and the defendant in error advanced money and subsequently took a chattel mortgage and note for the money which he advanced.

The question presented is whether the evidence established a joint liability of the defendants in error as partners for the goods sold by the plaintiff in error. In our opinion the evidence does not show any co-partnership between Louis B. Huntington and Louis Matsen, the defendant in error; nor does it show any joint liability for the claim to the plaintiff in error for the goods sold by the plaintiff in error.   The evidence in the record is perfectly consistent with the theory of the relation of the parties shown by the testimony of the defendants in error.   We are of the opinion that the finding of the Municipal Court is in accordance with the facts shown by the record, and expressed the only legal conclusion that can be drawn from the evidence in the case.   The judgment is, therefore, affirmed.

*Affirmed.*